**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DARLA STEWART, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:06-CV-0736 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | Magistrate Judge Norah McCann King |
| CHEEK & ZEEHANDELAR, LLP, *et al.* | : | |
| | : | |
| Defendants. | : | |
| | : | |
| GEORGE C. LEXINGTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:07-CV-153 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | Magistrate Judge Norah McCann King |
| CHEEK & ZEEHANDELAR, LLP, *et al.* | : | |
| | : | |
| Defendants. | : | |

## OPINION AND ORDER

### I.  INTRODUCTION

Plaintiffs Darla Stewart and George Lexington move to strike the offer of judgment, made pursuant to Federal Rule of Civil Procedure 68, by Defendants Cheek & Zeehandelar, LLP, Emerson Cheek, and Krishna Velayudhan (collectively, "Cheek & Zeehandelar").  In the alternative, Plaintiffs move for class certification.  For the reasons explained below, the Court hereby **GRANTS** Plaintiffs' motion to strike.  The Court therefore will not address Plaintiffs' request for class certification in this order.  That issue, having been fully briefed, will be decided in a separate opinion following oral argument.

### II.  BACKGROUND

Stewart and Lexington filed separate class action lawsuits against Cheek & Zeehandelar,

a law firm devoted to the collection of consumer debt. On May 22, 2007, Plaintiffs filed a consolidated amended complaint, asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and Ohio's Consumer Sales Practices Act, O.R.C. § 1345.01 ("CSPA"). They allege that Cheek & Zeehandelar engages in misleading and deceptive debt-collection practices. In particular, Plaintiffs plead that Cheek & Zeehandelar uniformly fails to properly investigate whether debtor funds are lawfully subject to attachment, prior to seeking and obtaining orders of attachment.

Cheek & Zeehandelar answered the consolidated amended complaint on June 7, 2007, and filed an amended answer on June 18, 2007. Following a status conference on August 30, 2007, the Court set January 15, 2008, as the deadline for Plaintiffs to file their class-certification motion. On January 10, 2008, the Court extended this deadline by one month to February 15, 2008.

On January 15, 2008, after the Court re-set the due date for Plaintiffs' class-certification motion to February 15, Cheek & Zeehandelar sent Plaintiffs an offer of judgment pursuant to Rule 68, by which they agreed to compensate Stewart and Lexington to settle their individual claims. Importantly, Cheek & Zeehandelar did not offer to settle the putative class's claims. In response, Plaintiffs have moved to strike the offer of judgment. On February 15, 2008, Plaintiffs filed their class-certification motion as scheduled.

### III. ANALYSIS

Plaintiffs' motion to strike requires consideration of the interplay between Rule 68 and Rule 23. Rule 68 provides:

> [A] party defending against a claim may serve on an opposing
> party an offer to allow judgment on specified terms, with the costs

> then accrued . . . . If the [offer is refused, and the] judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

The purpose of Rule 68 "is to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985).

Federal Rule of Civil Procedure 23 establishes the procedural requirements for certifying a case as a class action. The purpose of the class-action device is to aggregate into a single proceeding multiple claimants (typically hundreds, thousands, or more) who have suffered similar harms as a result of a defendant's wrongdoing. This pooling of claims promotes efficiency by resolving in one action issues which would otherwise be litigated in multiple individual cases. *See Beamon v. Brown*, 125 F.3d 965, 969 (6th Cir. 1997); *In re Gen'l Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995). In addition, class actions make it possible to obtain relief for relatively minor legal injuries. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980). If a consumer is defrauded out of $100 as a result of a corporate scam, it is unlikely that she would retain a lawyer and seek redress through the courts because doing so would cost more than she had lost. If 10,000 people have been similarly defrauded, however, and their legal claims can be jointly resolved in a single proceeding, it becomes worth a lawyer's time and expense to bring a case. *See e.g., Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997) ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights."). In this way, important constitutional and statutory rights are vindicated. At the same time, the economic efficiencies and incentives of a class action deter wrongdoers by holding them accountable for perpetrating

relatively small rights violations many times over.  *See Roper*, 445 U.S. at 339 (observing that "[w]here it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class-action device").

The great weight of federal authority holds that a Rule 68 offer of judgment cannot moot the named plaintiffs' claims after a motion for class certification has been filed.  *See e.g., Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 624-25 (6th Cir. 2005); *Lusardi v. Xerox Corp.*, 975 F.2d 964, 975 (3d Cir. 1992); *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1051 (5th Cir. 1981); *Susman v. Lincoln Am. Corp.*, 587 F.2d 866, 869-71 (7th Cir. 1978).  The reason is simple: Defendants could unilaterally control whether the district court ever heard the certification motion if Rule 68 tenders made after the motions are filed could moot the case. *Carroll*, 399 F.3d at 624-25.  Although courts are somewhat more divided about the effect of a Rule 68 offer *before* a class-certification motion has been filed, most have endorsed the view that the settlement offer will not moot the named plaintiffs' claims so long as the plaintiffs have not been dilatory in bringing their certification motion. *See e.g., Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004); *Harris v. Messerli & Kramer, P.A.*, No. 06-CV-4961, 2008 U.S. Dist. LEXIS 6, *6-9 (D. Minn. Jan. 2, 2008); *Jenkins v. General Collection Co.*, 246 F.R.D. 600, 603 (D. Neb. 2007); *Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 111 (S.D.N.Y. 2001) (collecting cases).  Several reasons account for this rule.

First, if it were otherwise—if the putative class representatives' claims could be mooted by a settlement offer tendered before the certification motion is filed—each side will endeavor to beat the other to the punch.  Plaintiffs will be forced to swiftly file their certification motions,

possibly before completing class-related discovery, in order to maintain their claims. *Zeigenfuse v. Apex Asset Mgmt.*, 239 F.R.D. 400, 402 (E.D. Pa. 2006). Defendants, on the other hand, will race to make their settlement offers before plaintiffs file their certification motions.

Second, treating pre-certification settlement offers as mooting the named plaintiffs' claims would have the disastrous effect of enabling defendants "to essentially opt-out of Rule 23." *Schaake*, 203 F.R.D. at 112. Defendants could pay a small amount to settle the named plaintiffs' claims and thereby avoid paying a much bigger recovery to the putative class of aggrieved persons. *Zeigenfuse*, 239 F.R.D. at 401. Such a development would eviscerate Rule 23. No longer would it provide an efficient mechanism for the adjudication of numerous small-value claims, nor would its deterrence function have much force. This is so because once the original named plaintiffs had been "picked off" by the defendants, new named plaintiffs would have to step up to file new class cases. The defendants could pay them off as well, and so it would go, with the defendants avoiding class-wide liability, and steadily dampening the interest of putative class representatives in bringing such suits.

Next, with Rule 23 cast aside, those who have been harmed will be forced to file individual suits to obtain redress. In the vast majority of cases, the economic infeasibility of individual actions (which accounts for the existence of Rule 23 in the first place) will likely prevent them from ever coming about. But, assuming that even a few of the thousands or tens of thousands of class members are driven to hire their own lawyers and take on the defendant, the courts will be forced to contend with multiple, largely identical lawsuits, thereby wasting judicial resources. *Roper*, 445 U.S. at 339. Litigant resources too will be unnecessarily expended as lawyers duplicate one another's efforts and clients are forced to bear heavier costs than they

would have had the expenses been spread among all members of a class of similarly harmed individuals. *Zeigenfuse*, 239 F.R.D. at 401-02.

Finally, Rule 68 offers of judgment prior to class certification pit the self interests of named plaintiffs against the interests of the class as a whole. This is the case because Rule 68 contains a cost-shifting provision, whereby if the plaintiff's ultimate recovery is less than what the defendant offered, the plaintiff must pay the costs the defendant incurred after the plaintiff rejected its Rule 68 tender. Courts have reasoned that putative class representatives cannot be forced to accept Rule 68 offers because contrary to their duty to litigate the case in the best interests of the class, the putative representatives would be compelled "to weigh [their] own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class." *Zeigenfuse*, 239 F.R.D. at 402 (citing *Janikowski v. Lynch Ford, Inc.*, No. 98-8111, 1999 U.S. Dist. LEXIS 12258 (N.D. Ill. Aug. 5, 1999)).

For all of these reasons, courts have concluded that defendants ought not be able to put class actions to an end merely by tendering Rule 68 offers of judgment before the putative class representatives have filed their certification motions. Of course, this principle is not unlimited, but is subject to the corollary that the class representatives must not unduly delay in bringing their certification motions. Here, the Court finds that Stewart and Lexington have done no such thing. They filed their amended complaint on May 22, 2007, and complied with the Court's deadline of February 15, 2008, to file their class-certification motion. In the interval between, the parties engaged in relevant discovery and conducted settlement negotiations. On the eve of Plaintiffs' filing of their class-certification motion, Cheek & Zeehandelar made their Rule 68 offers of judgment. Cheek & Zeehadelar's efforts to moot Plaintiffs' claims are unavailing.

Accordingly, Plaintiffs' motion to strike is **GRANTED**.

**IT IS SO ORDERED.**

                                               <u>s/Algenon L. Marbley</u>
                                               **ALGENON L. MARBLEY**
                                               **United States District Court Judge**

**DATE: September 5, 2008**