# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| DARLA STEWART, | |
| Plaintiff, | Case No: 2:06cv0736 |
| v. | Judge Algenon Marbley |
| CHEEK & ZEEHANDELAR, LLP, et al. | Magistrate Judge King |
| Defendants. | |

| | |
|---|---|
| GEORGE C. LEXINGTON, | |
| Plaintiff, | Case No: 2:07cv153 |
| v. | Judge Algenon Marbley |
| CHEEK & ZEEHANDELAR, LLP, et al. | Magistrate Judge King |
| Defendants. | |

## OPINION AND ORDER
## APPROVING CLASS SETTLEMENT,
## AWARDING ATTORNEYS' FEES AND COSTS,
## AND GRANTING PAYMENTS TO CLASS REPRESENTATIVES

Plaintiffs brought this class action lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. and Ohio's Consumer Sales Practices Act, asserting, *inter alia*, that Defendants violated consumer protection laws in connection with the attachment of their bank accounts. This matter is now before the Court on Plaintiffs' Oral Motion for Final Approval of Proposed Settlement and Final Certification of the Class, and Plaintiffs' Motion for Order Awarding Attorneys' Fees and Costs and Payments to Class Representatives (Doc. 73).

1

WHEREAS, Plaintiffs and Defendants have executed and filed the Stipulation with the Court on July 24, 2009; and

WHEREAS, the Stipulation is hereby incorporated by reference in this Order and each of the terms defined in the Stipulation will have the same meaning in this Order; and

WHEREAS, the Court, on August 12, 2009, entered the Order preliminarily approving class settlement ("Preliminary Approval Order") and scheduled a hearing for November 10, 2009 at 9 am in order to: (a) determine whether the Proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should bee finally approved by the Court; (b) determine whether a Final Judgment as to Defendants should be entered herein and (c) consider Class Counsel's Application for Fees; and

WHEREAS, the Court ordered that Notice to Sub-Class Members in the forms attached to the Preliminary approval Order ("Individual Notice"), be mailed by Class Counsel; and

WHEREAS, the parties have satisfactorily demonstrated that such Individual Notice was mailed and published in accordance with the terms of the Preliminary Approval Order; and

WHEREAS, in accordance with the Preliminary Approval Order, Individual Notice, the Settlement Approval Hearing was duly held before this court on November 10, 2009; and

WHEREAS, at the Settlement Approval Hearing, the Court considered: (a) the fairness, reasonableness and the adequacy of the Stipulation; (b) the fairness and reasonableness of Class Counsel's Application for Fees under applicable federal law; and (c) the fairness and reasonableness of Class Counsel's request for reasonable compensation to class representatives Darla Stewart and George Lexington, individually and as class representatives; and

WHEREAS, at the Settlement Approval Hearing, the Court independently evaluated the

fairness, reasonableness and adequacy of the Stipulation and Class Counsel's Application for Fees by considering not only the pleadings and arguments of Plaintiffs, Class Counsel and Defendants, but also by rigorously and independently evaluating the Stipulations and Class Counsel's application for Fees on behalf of absent Class Members, and

WHEREAS, by performing this independent analysis of the Stipulation, the Joint Motion for Final Approval and Class Counsel's Application for Fees, the Court has considered and protected the interests of all absent Class Members under Rule 23 of the Federal Rules of Civil Procedures; and

WHEREAS, the Individual Notice advised Sub-Class Members of the method by which a Class Member could request exclusion from the settlement and pursue an independent legal remedy against the Defendants; and

WHEREAS, all Sub-Class Members had the absolute right to opt-out and pursue an individual lawsuit against the Defendants; and

WHEREAS, any Sub-Class Members who failed to request exclusion under the terms of the Individual Notice voluntarily waived the right to pursue an independent remedy against the Defendants; and

WHEREAS, the Individual Notice advised Sub-Class Members of the method by which a Sub-Class Member could file proper and valid objections and request to be heard at the Settlement approval hearing; and

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Joint Motion for Final Approval and Class Counsel's Application for Fees, and having reviewed an considered the files and records herein, finds and concludes as follows:

1. The definitions and terms set forth in the Stipulation are hereby adopted and incorporated into this Order.

2. The Complaint filed in this Action alleges, inter alia, the following causes of action against Defendants: violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. and violation of the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq.

3. At the Settlement Approval Hearing on November 10, 2009, Plaintiffs and Defendants applied to the Court for final approval of the terms of the Proposed Settlement and for entry of this Final Judgment. In support of their application, Plaintiffs submitted, among other things, evidence concerning the dissemination and adequacy of Class Notice, evidence regarding the negotiation of the Stipulation, evidence regarding the fairness, reasonableness and adequacy of the substantive terms of the Stipulation, and evidence regarding the fairness, reasonableness and adequacy of Class Counsel's Application for Fees.

4. The following evidence which was already a part of the Court's record was considered at the hearing: the stipulation and all exhibits thereto, Class Counsel's oral argument in support of the parties' Joint Motion for Final Approval, and all exhibits attached to Class Counsel's Application for Fees.

5. As part of its Preliminary Approval Order, the Court certified for settlement purposes a Settlement Class pursuant to F.R.C.P. 23(B)(2) and a Sub-Class pursuant to F.R.C.P. 23(B)(3), defined as follows:

    a. Settlement Class: "all consumers who have been subject to an order of

garnishment or attachment, whether temporary or permanent, based on an affidavit signed by any principal, partner, or employee of defendant Cheek & Zeehandelar, at any time on or after August 24, 2004."

   b. Settlement Sub-Class: "all consumers who have been subject to an order of attachment of a bank account, whether, temporary or permanent, based on an affidavit signed by any principal, partner, or employee of defendant Cheek & Zeehandelar, at any time on or after August 24, 2004 but before August 29, 2006."

6. The court hereby affirms the definitions of the Settlement Class and Settlement Sub-Class for purposes of the Final Judgment.

7. The Stipulation, which had been filed with the Court is incorporated herein by reference. The Stipulation provides for the settlement of this Action with Defendants by the Plaintiffs as representatives of an on behalf of the members of the Settlement Class, subject to final approval by the Court. The Stipulation provides that in exchange for the releases described in the Stipulation and this Final Judgment, Defendants will provide a total settlement consideration consisting of One Hundred Eight Thousand Dollars ($108,000.00), inclusive of attorney's fees, costs and expenses made available by Defendants.

8. The Stipulation also provides for the following injunctive and declaratory relief: While Defendants expressly deny any wrongdoing or liability, subject to the approval of the District Court and in exchange for good and valuable consideration provided by the Plaintiffs and Class members, as set forth in this

Settlement Agreement, Defendants agree they will not knowingly sign false garnishment affidavits, and that they will follow Ohio law regarding garnishment affidavits.

9. The Stipulation provides further that the class representatives shall receive the following in full satisfaction of their individual and class claims: Plaintiff Darla Stewart will receive $10,000 to settle her class and individual claims. Defendants also agree that plaintiff Darla Stewart will not be obligated to pay the judgment obtained by creditor Ohio Receivables, Inc.; that such judgment will be otherwise satisfied by the Defendants and recorded as such with the Muskingum County Court; Defendants will cause the release of the judgment lien taken in connection with Case No. CVF060227 filed in the Muskingum County Court; and that Defendants will not report the account to credit reporting agencies unless it is reported as paid in full. Plaintiff George Lexington will receive $10,000 to settle his class and individual claims.

10. On August 12, 2009, the Court preliminarily approved the Stipulation of Settlement and approved the Class Notice and method of notification for potential class Members, and directed that the Notice of the Proposed Settlement and of the Settlement Approval Hearing be disseminated in accordance with the terms of the Stipulation and the Preliminary Approval Order.

11. On November 10, 2009, the parties provided evidence that the Individual Notice, which informed class Members of the terms of the Proposed Settlement, of their opportunity to request exclusion from the Settlement Class, and of their

opportunity to object to the terms of the Stipulation, was disseminated in accordance with the Preliminary Approval Order. Specifically, Plaintiffs' Counsel advised the Court of the scope and results of the mailing of such notice.

12. Based on the Court's review of the evidence admitted and the argument of counsel, the Court finds and concludes that the Individual Notice, as disseminated by mail to Sub-Class Members in accordance with the Preliminary Approval Order, was reasonable and the best notice practicable under the circumstances. Accordingly, the Individual Notice as disseminated in finally approved as fair, reasonable and adequate. The Court finds and concludes that due and adequate notice of the pendency of this Action and of the Stipulation has been provided to members of the Settlement Class, and the Court further finds and concludes that notice of the Proposed Settlement, as described in the Preliminary Approval Order and completed by the parties, complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. The Court further finds that such notice concisely and clearly states in plain, easily understood language:

    (a) The nature of the action;

    (b) The definition on the class certified;

    (c) The class claims, issues or defenses;

    (d) That a member of the Settlement Sub-Class may enter an appearance and participate in person or through counsel if the member so desires;

    (e) That the Court will exclude from the Sub-Class any member who requests exclusio

stating when and how members may elect to be excluded; and

(f)The binding effect of the Final Judgment on Sub-Class Members.

13. The Court notes that of the 1,024 notices individually mailed to each Class Member, 378 were returned to Plaintiffs' Counsel as "unable to forward" and the remainder are presumed to have been properly delivered and received.

14. The Settlement Approval Hearing and the evidence before the Court clearly support a finding that the Stipulation was entered into in good faith between Plaintiffs and Defendants.

15. The Court finds that the Stipulation is the result of a good faith arm's length negotiation by the parties. In addition, the Court finds that approval of the Stipulation and Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interest of justice. Further, the Court finds that the Stipulation is fair, reasonable and adequate to members of the Settlement Class based on the parties having fully completed written and deposition discovery, the parties having fully briefed dispositive motions and having received the Court's ruling on those motions, and the absence of material objections sufficient to deny approval.

16. The settlement of the Action on the terms and conditions set forth in the Stipulation is approved and confirmed in all respects as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil procedure, and in the best interest of the Settlement Class, especially in light of the benefits to the Settlement Class and the costs and risks associated with the complex proceedings necessary

to achieve a favorable result through trial and appeals.

17. A review of the following factors supports a finding that the Proposed Settlement is fair and adequate:

> (a) The strength of the case for the Plaintiff on the merits, balanced against the amount offered in the Proposed Settlement;
>
> (b) The absence of collusion;
>
> (c) The amount and nature of discovery; and
>
> (d) Any objections raised by Class Members.

*Carson v. Am. Brands, Inc.* 450 U.S. 79, 88 .14 (1981); *Williams v. Vukovich*, 720 F. 2d 909, 922 (6th Cir. 1983).

18. The Individual Notice is presumed to have been received by more than 60% of the Sub-Class Members. No Sub-Class Members attempted to file purported objections to either the Stipulation or Class Counsels' Application for Fees. The lack of opposition supports the fairness, reasonableness and adequacy of the Stipulation and Class Counsels' Application for Fees.

19. The Court finds that a total of $68,547.90 in attorneys' fees and $6,452.150 in expenses and costs, to be paid out of the Settlement Fund, is fair, reasonable and adequate under the Sixth Circuit's analysis in *Smillie v. Park Chemical Co.,* 710 F. 2d 271, 275 (6th Cir. 1980).

NOW, THEREFORE, GOOD CAUSE APPEARING THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has personal jurisdiction over Plaintiffs, all members of the Settlement Class, Defendants and the Released Persons. The Court has subject matter jurisdiction to approve the Stipulation and all exhibits thereto.

2. One timely opt-out requests was presented to the Court. Therefore, all but one potential member of the Settlement Sub-Class are adjudged to be members of the Settlement Sub-Class and together with their heirs, estates, trustees, executors, administrators, principals, beneficiaries, assigns and successors are bound by this Final Judgment and by the Stipulation and the Proposed Settlement embodied therein, including the releases provided for in the Stipulation and this Final Judgment.

3. All provisions and terms of the Stipulation are hereby finally approved in all respects. The parties to the Stipulation are hereby directed to consummate the Stipulation in accordance with its terms.

4. This Action against the Defendants is dismissed in its entirety on the merits, with prejudice and without leave to amend.

5. Pursuant to Class Counsel's Application for Fees, the Court jointly awards Class Counsel the total sum of $75,000.00 in attorneys' fees, expenses and costs. The Court hereby finds that this amount is fair and reasonable and fully supported by this Court's analysis of the factors considered by the Sixth Circuit. The Court adopts the analysis of the Sixth Circuit factors contained in Class Counsel's Application for Fees, and finds that this analysis of the Sixth Circuit factors

supports the award of attorneys' fees, expenses and costs. Such fees shall be paid to Class Counsel out of the Settlement Fund pursuant to the terms of the Stipulation.

6. As soon as reasonably possible after the completion of all payments to Class Members eligible for payment pursuant to the Stipulation, the parties shall file with the Court a final report indicating that distribution in accordance with the terms of the Stipulation and the Court's prior Orders has been completed.

7. Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

   (a) Enforcing the Stipulation and the Proposed Settlement;

   (b) Any other matters related or ancillary to any of the foregoing.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT

_____
Hon. Judge Algenon Marbley